**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHELLE GUY,

    Plaintiff,

v.                                                                Case No. 10-CV-12150-DT

SUN LIFE ASSURANCE COMPANY OF
CANADA,

    Defendant.
                                           /

**OPINION AND ORDER DENYING MOTION TO REASSIGN**

Before the court is Plaintiff Michelle Guy's motion to reassign this case to the Honorable Paul D. Borman, purportedly brought under Eastern District of Michigan Local Rule 83.11. Local Rule 83.11(b)(7) governs "companion cases," which are cases in which "substantially similar evidence will be offered at trial" or "the same or related parties are present, and the cases arise out of the same transaction or occurrence." E.D. Mich. 83.11(b)(7)(A). The rule provides for only one manner by which counsel or parties should bring companion cases to the court's attention, which is "by responding to questions on the civil cover sheet or in the electronic filing system." E.D. Mich. LR 83.11(b)(7)(C). Otherwise, it is a self-enforcing rule:

> When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

E.D. Mich. LR 83.11(b)(7)(D). The rule does not provide for, nor invite, motions by counsel. Reassignment decisions lie within the collective discretion of the judge to

whom the case is assigned and the judge having the earlier case number. *Jones v. City of Allen Park*, 167 F. Appx. 398, 409 (6th Cir. 2006) ("The district court's decision regarding whether or not to reassign a companion case is reviewed for an abuse of discretion.") (citing *Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980).

Here, counsel fulfilled his responsibility by plainly noting the possibility that this case may be a companion to Judge Borman's case when he initiated the action. His pending motion, seeking in essence to enforce the companion case rule, is both unnecessary and unfounded. The court will deny it as such.[1]

IT IS ORDERED that Plaintiff's motion to reassign [Dkt. # 23] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 17, 2010, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-12150.GUY.Reassign.Companion.2.wpd

---

[1] This motion was filed only after the case was transferred here from Judge Feikens's docket. Even if the court were to ignore the unexplained six months of delay in filing and, secondly assume that it is even cognizable under the Local Rules, it would be denied on the merits because the Rule requires the consent of both the judge to whom the case is assigned and the judge to whom the earlier case was assigned. E.D. Mich. 83.11(b)(7)(A). Such consent does not exist here.