**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHELE GUY,

    Plaintiff,

v.                                                      Case No. 10-CV-12150-DT

SUN LIFE ASSURANCE COMPANY OF
CANADA,

    Defendant.
                                                   /

**ORDER HOLDING IN ABEYANCE THE MOTION TO COMPEL
AND DENYING ALL OTHER PENDING MOTIONS**

On December 20, 2010, the court conducted a hearing on Plaintiff Michele Guy's October 13, 2010, motion to compel and her "emergency" motion for the court's immediate consideration of that motion. Before determining the motion to compel, the court must first determine whether discovery is allowed at all in this ERISA matter.

As a general rule, discovery is not permitted in ERISA cases. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). Courts are to consider only the record before the plan administrator. *Id.* at 618. Applying rules borrowed from trust law, district courts review de novo any challenge under 29 U.S.C. § 1132(a)(1)(B) to a denial of benefits, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the plan documents expressly vest the plan administrator with such discretionary authority, courts instead "review the denial of benefits only to determine if it was 'arbitrary and

capricious.'" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 458 n.3 (6th Cir. 2003). "If a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) (quoting *Firestone*, 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187, Comment *d* (1959))) (emphasis and internal quotation marks omitted). A conflict of interest inherently exists when the same party both evaluates and pays claims under a plan. *Glenn*, 554 U.S. at 112; *Firestone*, 489 U.S. at 109.

Here, there is no dispute that Defendant operated under a structural conflict of interest. However, that conflict of interest only becomes relevant as a factor to weigh in determining whether Defendant abused its discretion in denying Plaintiff's claim. If the standard of review is de novo, Defendant's decision-making, and its conflict of interest, becomes irrelevant. Accordingly, at the hearing, the court determined that before resolving the motion to compel, the court should first determine the appropriate standard of review applicable in this case. Plaintiff asserts that the court should conduct a de novo review of the administrative record, while Defendant argues that the court should instead review the record for an abuse of discretion. If Plaintiff prevails in her argument that the court should conduct a de novo review of the administrative record, then her motion to compel becomes moot. Thus, the court will hold the motion to compel in abeyance pending briefing by the parties on the issue of the appropriate

standard of review. Plaintiff will be entitled to limited discovery as to facts relevant to this determination.[1] Accordingly,

IT IS ORDERED that Plaintiff's motion to compel [Dkt. # 10] is HELD IN ABEYANCE.

IT IS FURTHER ORDERED that Plaintiff's "emergency" motion [Dkt. # 21] for the court's immediate consideration of the motion to compel and Defendant's motion to strike Plaintiff's reply to her motion to compel or in the alternative motion to file a sur-reply[2] [Dkt. # 34] are DENIED AS MOOT.

IT IS FURTHER ORDERED that the cross motions for judgment [Dkt ## 17 & 18] are DENIED WITHOUT PREJUDICE. After the court determines the standard of review, the court will set a schedule on the cross motions for judgment which will allow for sequential, rather than simultaneous, briefing.

Finally, IT IS ORDERED that Plaintiff's ex parte motion for leave to file an amended copy of its motion for judgment [Dkt. # 33] is TERMINATED AS MOOT.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: December 22, 2010

---

[1] The court will issue a separate order setting forth the discovery and briefing schedule on the standard of review issue.

[2] When the motion to compel is ripe for determination, the court will principally be focused upon the arguments made in the motion, response, and at the December 20, 2010, hearing. The arguments set forth in the reply and proposed sur-reply are largely superfluous.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 22, 2010, by electronic and/or ordinary mail.

              S/Lisa Wagner
              Case Manager and Deputy Clerk
              (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-12150.GUY.DiscoveryMotions.wpd